# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEKIAH JACKSON, | : | |
| Petitioner, | : | |
| v. | : | No.: 4:17-CV-1287 |
| CUMBERLAND COUNTY PRISON, ET AL., | : | (Judge Brann) |
| Respondents. | : | |

## MEMORANDUM OPINION

### NOVEMBER 2, 2017

**I.  BACKGROUND**

Dekiah Jackson , an inmate presently confined at the Cumberland County Prison, Carlisle, Pennsylvania, filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's request to proceed *in forma pauperis* will be granted for the sole purpose of the filing of this action with this Court. Named as Respondents are the Cumberland County Prison, Earl Reitz, Governor Thomas Westerman Wolf, and the Commonwealth of Pennsylvania.[1]

Petitioner indicates that he has been arrested on state criminal charges and that his criminal prosecution is ongoing in the Court of Common Pleas of

---

[1] The only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official. *See* 28 U.S.C. § 2242. Accordingly the Warden of the Cumberland County Prison will be deemed the sole Respondent.

-1-

Cumberland County. Jackson states that he has not entered a plea, has not accepted legal representation, and the trial court is improperly proceeding without jurisdiction. *See* Doc. 1, ¶ 12, Ground Two. The Petition additionally notes that hearings were conducted in his case on April 25, 2017 and June 27, 2017.

Jackson claims entitlement to federal habeas corpus relief because the Commonwealth has not provided him with a copy of the victim's oath or affirmation which supported the affidavit of probable cause for his arrest warrant in violation of his rights under the Fifth Amendment. *See id.* at ¶ 12, Ground One. He acknowledges that this pending claim has also been presented to the Superior Court of Pennsylvania and is presently under consideration. *See id.* at ¶ 9. As relief, Jackson seeks his immediate release due to his alleged unconstitutional arrest.

## II.   DISCUSSION

Title 28 United States Code § 2241 vests the federal district courts with jurisdiction to grant a writ of habeas corpus to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). *See, e.g., Mutope v. Pennsylvania Board of Probation and Parole,* Civil No. 3:cv-07-472, 2007 WL

846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." *Gorko v. Holt*, Civil No. 4:cv-05-956, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.) (quoting *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

Based upon Jackson's admission that he has neither been convicted nor even tried on the state criminal charge underlying this action, he is clearly a pre-trial detainee. His pending Petition challenges the validity of his ongoing state criminal prosecution.

Although "federal habeas corpus is substantially a post-conviction remedy," this Court still has limited jurisdiction under 28 U.S.C. § 2241(c)(3) to issue a writ of habeas corpus. *See Moore v. DeYoung*, 515 F.2d 437, 441 (3d Cir. 1975). However, "jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." *Id* at 443; *see also Kennedy v. Commonwealth of Pennsylvania*, Civil No. 17-980, 2017 WL 3396400 *2 (E.D. Pa. June 30, 2017).

In *Younger v. Harris*, 401 U.S. 37 (1981), the United States Supreme Court observed that "principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." *Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. of N.Y. and N.J. Police Dep't.,* 973 F.2d 169, 173 (3d Cir. 1992); *see also, Duran v. Thomas,* 393 Fed. Appx. 3, 4 (3d. Cir. 2010)(pre-trial habeas jurisdiction must be exercised sparingly in order to prevent interference in the state criminal process). The test for federal court abstention under *Younger* is whether "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Id*.

It is only when a habeas petitioner faces the threat of suffering irreparable harm that federal court intervention will be justified. *See Dombrowski v. Pfister*, 380 U.S. 479, 482 (1965); *Coruzzi v. State of N.J.*, 705 F.2d 688, 690 (3d Cir. 1983). Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1234 (3d Cir. 1992). It has also been noted that the habeas corpus remedy afforded to state inmates under § 2254 was not intended "to argue state law issues pre-trial in a federal forum." *Green v. Commonwealth of Pennsylvania*, No. CIV. A.

93-1662, 1993 WL 239311, at *3 (E.D. Pa. June 28, 1993).

The United States Court of Appeals for the Third Circuit in *Moore v. DeYoung, supra.* addressed a denial of speedy trial claim. It concluded that extraordinary circumstances did not exist to permit adjudication of the claim because the applicant "will have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and any subsequent appellate proceedings in the state courts." *Moore*, 515 F.2d at 449. *Kennedy v. Commonwealth of Pennsylvania, supra.* concerned an unexhausted claim relating to an unsigned and unsealed arrest/search warrant; the *Kennedy* Court determined that extraordinary circumstances had not been established and there was no basis to excuse exhaustion.

Similarly, there are no assertions in Jackson's pending petition which suggest that he cannot litigate the merits of his present allegations in his ongoing state criminal proceeding. Furthermore, Jackson acknowledges that his pending claim is presently before a Pennsylvania state appellate court.

Petitioner also offers no indication that he will suffer irreparable harm with respect to his pending state criminal prosecution or that he is facing the type of extraordinary circumstances contemplated under *Moore, Duran,* and *Younger* which would warrant immediate intervention by this Court.

Petitioner's allegation that the Commonwealth has not provided him with a copy of the victim's oath or affirmation which supported the affidavit of probable cause for his arrest warrant is arguably a matter of concern. Nevertheless, Jackson's claim does not warrant a finding of extraordinary circumstances under the standards developed in *Moore* and *Younger*. This conclusion is bolstered by Petitioner's Superior Court filing which raises the same argument presented to this Court.

### III. CONCLUSION

Under the circumstances presented, intervention by this Court is presently unwarranted. Abstention is required in this case out of deference to the integrity of the state judicial process.

Consequently, the petition for a writ of habeas corpus will be dismissed without prejudice. An appropriate Order will enter.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge